[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action brought by the plaintiff, Stevenson Mill Work, Inc., (hereinafter also "Stevenson") originally against Advanced Construction Management, Inc., et al (hereinafter also "Advanced") to collect the sum of $18,643.26 for lumber and materials. Subsequently, the said plaintiff cited in the defendants, ARB Construction, LLC (hereinafter also "ARB") and Andrew Burnham (hereinafter also "AB") claiming that said additional parties owed the plaintiff the same $18,643.26 for materials which materials were allegedly delivered to 52 Marie Lane, Wallingford, Connecticut. The said additional parties then brought in Advanced as a defendant for the purposes of a third party complaint against said defendant brought by ARB and AB claiming indemnification against Advanced for any monies ARB and/or AB had to pay to Stevenson for said materials.
ARB and/or AB entered into an oral contract with Advanced in which ARB and/or AB would be the general contractor for building a two-story house on said premises and Advanced would be a subcontractor to do the framing and put on the roof for said house. The agreement between ARB/AB and Advanced was that Advanced would be paid $30,000 for labor, Advanced would order the lumber and materials but would be reimbursed for said materials and lumber by ARB/AB. The materials and lumber were ordered CT Page 2147 from Stevenson, and Stevenson, therefore, brought the instant action to collect a balance of $18,643.26.
This action came to this Court for trial as a court case on November 7 and 8, 2001. During said trial, Stevenson settled its claim against ARB and AB for the sum of $6,000. Stevenson had previously settled with Advanced for the sum of $3,000. The action then continued for indemnification of the $6,000 paid by ARB and AB to Stevenson with said indemnification to be paid by Advanced to ARB/AB. The trial was then continued to January 8, 2002 at which time ARB/AB continued their trial against Advanced for the said $6,000.
 STANDARD OF PROOF
ARB/AB as third party plaintiffs bear the burden of proof of their claim for $6,000 by a preponderance of the evidence. Additionally, this Court bases much of its decision upon the credibility of the witnesses. This in turn is based upon their demeanor on the witness stand, their ability to remember or not remember certain facts, their responsiveness to questions on both direct and cross-examination, the consistency or inconsistency of their testimony as to their own testimony and as to other evidence presented to the Court. Because of the delay in trial from November 8, 2001 to January 8, 2002 the Court ordered a transcript of all proceedings including those of November 7 and 8, 2001 in order to be able to fully evaluate the testimony. The Court has reviewed the transcripts of all three days of trial.
 FINDINGS
Based upon the totality of the evidence, the Court makes the following findings:
1. The Court finds the testimony of Kenneth Fernandez and Rory Rickes of Advanced more credible than that of Andrew Burnham (AB). This is based in part upon the witnesses' demeanor on the witness stand, the lack of responsiveness by AB to questions posed to him on January 8, 2002, his inability to remember certain facts and the overall inconsistency of his testimony. Kenneth Fernandez was very specific and credible[1]. Rory Rickes was a credible witness based upon his many years of experience in the construction business and the certainty and completeness of his testimony.
2. Advanced paid to Stevenson the sum of $8,893.09 for materials ordered which included $131.41 interest (Advanced's Exhibit B) for which it was not reimbursed by ARB/AB as promised. CT Page 2148
3. $17,411 worth of lumber/materials was ordered and charged to Advanced's account but not ordered by Advanced. Advanced paid Stevenson $3,000 to settle its claim against Advanced. The Court finds that said materials were ordered for and used in the construction of what became a three story house and should not have been charged to Advanced. See Advanced's Exhibit C.
4. The Court does not believe that there was an agreement between ARB and Rory Rickes and/or Advanced that if ARB purchased the windows, Advanced would pay for the remainder of the lumber.
5. The Court also believes that an experienced contractor such as Mr. Rickes would not give AB/ARB authority to order on the account of Advanced. The claim by AB that Advanced through Mr. Rickes gave such authority strains the credulity of this Court.
6. The $30,000 for labor was inadequate for the job to be done, particularly since Advanced would have had to do more work than originally contemplated in order to structure a base on which the roof would be placed when the work turned out to be for a three story house instead of a two story house as originally agreed upon.
7. The $8,893.09 plus the $3,000 paid to Stevenson for a total of $11,893.09 clearly offsets the claim for indemnification of $6,000.
Even if the Court were to believe the witnesses equally, the third party plaintiffs would not have sustained their burden of proof by a preponderance of the evidence.
Accordingly, judgment is entered for the defendant, Advanced.
 ___________________ Rittenband, JTR